DANIEL E. CARVALHO, ESQ.
Nevada Bar No. 5600
MARIA LOVENTIME U. ESTANISLAO, ESQ.
Nevada Bar No. 8059
CARVALHO & ASSOCIATES
700 S. Third Street
Las Vegas, Nevada 89101
Telephone: (702) 276-0000
Facsimile: (702) 384-1460
dan@carvalhoattorney.com
maria@carvalhoattorney.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BLUE HILL SPECIALTY INSURANCE COMPANY;<br><br>Plaintiff,<br>vs.<br><br>CLIFTON GREEN, an individual; DOE EMPLOYEE, an individual; D&S SERVICES, INC., a New Mexico corporation; SILVER PACIFIC INVESTMENTS, INC., a Foreign Corporation doing business as SPI LOGISTICS; TF LOGISTICAL OPERATIONS, LLC, a Louisiana Limited Liability Company; BLAIZE PRESTON, a Louisiana Resident; DOES I through XXV, and ROE CORPORATIONS I through XXV, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02101<br><br>**DEFENDANT CLIFTON GREEN'S ANSWER AND AFFIRMATIVE DEFENSES; AND DEMAND FOR JURY TRIAL** |

COMES NOW, Defendant CLIFTON GREEN, by and through his attorneys, Daniel E. Carvalho, Esq. and Maria Loventime U. Estanislao, Esq. of the law firm CARVALHO & ASSOCIATES, and for his answer to Plaintiff's Complaint on file herein, admits, denies and alleges as follows:

## PARTIES

1. Answering paragraph 1, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

2. Defendant admits the allegations in paragraph 2 of the Complaint; however, a dispute has been raised by TF LOGISTICAL as to the employment status of Mr. Green, who they contend was not an employee, and as worded, the allegation is vague and a conclusion of law. As such, Plaintiff can neither admit or deny without completion of discovery and a ruling as to this legal issue.

3. Answering paragraphs 3, 4, 5, and 6, Defendant admits the allegations therein.

4. Answering paragraph 7, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

## GENERAL ALLEGATIONS

5. Answering paragraph 8, Defendant realleges and repleads each and every answer to paragraphs 1 through 7 of Plaintiff's Complaint as though fully set forth herein.

6. Answering paragraphs 9 and 10, Defendant admits the allegations therein concerning the allegations he made in his complaint in Case No. A-24-898442-C pending in the Eighth Judicial District Court [hereinafter "the underlying case"].

7. 6. Answering paragraph 11, Defendant admits that GREEN's Complaint in the underlying case speaks for itself as to the allegations therein; however, a dispute has arisen in discovery as to whose duty it was to load, and Plaintiff denies that SPI communicated a duty to load to Nevada Scaffold, and to the extent the Complaint seeks for an admission of disputed litigated facts, Plaintiff can neither admit nor deny.

/ / /

8. Answering paragraph 12, Defendant admits that the Complaint in the underlying case speaks for itself, and in that Complaint, he alleged that he is an employee of Defendant TF Logistical; however, in paragraph 21 of their answer to GREEN's complaint in the underlying case, Defendants TF Logistical and Blaize Preston specifically "den[ied] that TF Logistical employed Plaintiff," alleging instead that "Plaintiff [GREEN], in his capacity as an independent contractor, was assigned to transport the subject forklift from Defendant NEVADA SCAFFOLD in Las Vegas, Nevada via a flatbed . . ." and thus raising an unresolved legal issue and legal conclusion which has yet to be resolved. As such, Plaintiff can neither admit nor deny until this legal issue has been resolved.

9. Answering paragraph 13, Defendant admits that that the allegations made in the Complaint speak for themselves, *i.e.* the Plaintiff attempted to put the forklift on the bed of his trailer and upon putting it on the bed of the trailer, it overturned and crushed Defendant's legs.

10. Defendant admits the allegations in paragraph 14 but is without information to admit or deny paragraph 15 of the Complaint and therefore denies this allegation.

11. Answering paragraph 16, Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained therein and upon said ground deny each and every allegation contained therein.

12. Plaintiff admits the allegations in paragraph 17 of the Complaint.

**<u>THE BLUE HILL INSURANCE POLICY</u>**

13. Answering paragraphs 18, 19, and 20, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

**<u>COMMERCIAL AUTO POLICY</u>**

14. Answering paragraphs 21, 22, and 23, some of the allegations contained therein constitute conclusions of law and excerpts from documents that speak for themselves and require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits

nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

15. As to paragraph 24, Defendant admits that the GREEN Complaint in the underlying case speaks for itself as to allegations made in the GREEN complaint; however, in paragraph 21 of their answer to GREEN's complaint in the underlying case, Defendants TF Logistical and Blaize Preston specifically "den[ied] that TF Logistical employed Plaintiff," alleging instead that "Plaintiff [GREEN], in his capacity as an independent contractor, was assigned to transport the subject forklift from Defendant NEVADA SCAFFOLD in Las Vegas, Nevada via a flatbed . . ..," and there remains an unresolved factual dispute that prevents Plaintiff from admitting or denying this allegation, and therefor this allegation must be denied.

16. Answering paragraph 25, Defendant admits that in the Complaint in the underlying case, GREEN alleged that he was an employee of Defendant TF Logistical; however, in paragraph 21 of their answer to GREEN's complaint in the underlying case, Defendants TF Logistical and Blaize Preston specifically "den[ied] that TF Logistical employed Plaintiff," alleging instead that "Plaintiff [GREEN], in his capacity as an independent contractor, was assigned to transport the subject forklift from Defendant NEVADA SCAFFOLD in Las Vegas, Nevada via a flatbed . . ..," and there remains an unresolved factual dispute that prevents Plaintiff from admitting or denying this allegation, and therefor this allegation must be denied.

17. Answering paragraphs 26, 27, 28, and 29, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

**CHOICE OF LAW**

18. Answering paragraphs 30, 31, 32, 33, 34, and 35, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein

for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

19. Answering paragraph 36, Defendant admits that Defendant TF Logistical is or was a Louisiana limited liability company and that the allegations in the underlying Complaint were made; however, in paragraph 21 of their answer to GREEN's complaint in the underlying case, Defendants TF Logistical and Blaize Preston specifically "den[ied] that TF Logistical employed Plaintiff," alleging instead that "Plaintiff [GREEN], in his capacity as an independent contractor, was assigned to transport the subject forklift from Defendant NEVADA SCAFFOLD in Las Vegas, Nevada via a flatbed . . .." and there remains an unresolved factual dispute that prevents Plaintiff from admitting or denying this allegation, and therefor this allegation must be denied. As to the remaining allegations in paragraph 36, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

20. Answering paragraphs 37 and 38, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

21. Defendant admits paragraph 39.

22. As to paragraph 40, Defendant admits that in the underlying case, he alleged upon information and belief that TF Logistical is or was a Louisiana limited liability company. As to the remaining allegations in said paragraph regarding TF Logistical's principal place of business, Defendant does not have sufficient knowledge or information upon which to base a belief as to the truth of that allegation and upon said ground denies said allegation.

23. Answering paragraph 41, Defendant admits that he was injured in Nevada but the remaining allegations constitute conclusions of law that require no answer; however, to the extent

that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

24. Defendant denies the allegation in paragraph 42.

**ALL ISSUES OF COVERAGE OR LIABILITY UNDER THE POLICY SHOULD BE DETERMINED UNDER LOUISIANA LAW**

25. Answering paragraphs 43 and 44, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

**BLUE HILL COMMERCIAL GENERAL LIABILITY POLICY**

26. Answering paragraphs 45, 46, some of the allegations contained therein constitute excerpts from documents that speak for themselves and conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

27. Answering paragraphs 47 and 48, some of the allegations contained therein constitute excerpts from documents that speak for themselves and conclusions of law that require no answer. As to the allegation that GREEN employed by TF LOGISTICAL, Defendant admits that this is his allegation in the underlying case; however, in paragraph 21 of their answer to GREEN's complaint in the underlying case, Defendants TF Logistical and Blaize Preston specifically "den[ied] that TF Logistical employed Plaintiff," alleging instead that "Plaintiff [GREEN], in his capacity as an independent contractor, was assigned to transport the subject forklift from Defendant NEVADA SCAFFOLD in Las Vegas, Nevada via a flatbed . . .." and there remains an unresolved factual dispute that prevents Plaintiff from admitting or denying this allegation, and therefor this allegation must be denied

28. Answering paragraph 49, the allegations contained therein constitute excerpts from documents that speak for themselves and conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

29. Defendant admits the allegation in paragraph 50.

30. Answering paragraph 51, Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and upon said ground deny each and every allegation contained therein.

31. Answering paragraphs 52 and 53, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant states that he does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations therein and upon said ground deny each and every allegation contained therein.

**GREEN'S INJURIES DID NOT ARISE FROM THE OPERATION, MAINTENANCE, OR USE OF AN INSURED VEHICLE**

32. Answering paragraphs 54, 55, and 56, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

33. Defendant admits paragraph 57 of the Complaint.

34. Answering paragraph 58, Plaintiff admits that the trailer was part of the injury process and that his injury arose out of the use of the subject trailer and denies the remaining allegations therein.

35. Defendant admits that the underlying Complaint speaks for itself, and that paragraphs 59, 60, and 61 recite the allegations of the Complaint; however, Plaintiff denies that the time to amend pleadings have closed, and that the underlying action will not include further

allegations and additional causes of action as discovery proceeds, and to the extent this Complaint alleges that no further causes of action will be brought, this allegation is denied.

36. Defendant denies the allegations in paragraph 62 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

37. Answering paragraph 63, Defendant realleges and release each and every answer of the preceding paragraphs as though fully set forth herein.

38. Answering paragraph 64, some of the allegations contained therein constitute conclusions of law that require no answer; however, to the extent that they contain allegations of fact, Defendant neither admits nor denies the allegations contained therein for want of sufficient information with which to form a belief as to the truth or falsity of the matters asserted, on which Plaintiff has the burden of proof.

39. Answering paragraphs 65 and 66, Defendant denies that a judicial controversy exists amongst BLUE HILL and Defendants TF LOGISTICAL and PRESTON, as the latter has alleged that GREEN is an independent contractor and BLUE HILL's Complaint alleges only that claims by GREEN based on his status as an employee are not covered by the BLUE HILL policy.

40. Defendant denies the allegation in paragraph 67.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or requests for equitable remedy are barred by Plaintiff's unclean hands.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or requests for relief may in whole or in part violate public policy.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or requests for relief are barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or requests for relief are barred by the doctrine of estoppel.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's requested remedies should not be issued as doing so would result in undue hardship.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's declaratory judgment claim fails to present a justiciable controversy between the parties, and that this declaratory action is premature, and must await conclusion of resolution of all of the factual disputes in the underlying litigation, before the subject dispute can be resolved, and this matter should be stayed until such time. Assuming there is a justiciable controversy, however, this Court should decline to exercise its discretionary jurisdiction over Plaintiff's declarator judgment claim.

EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Rule 11 to the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

PRAYER FOR RELIEF

WHEREFORE, Defendant GREEN prays for relief as follows:

(1) Dismissal of Plaintiff's claims with prejudice and for Plaintiff to take nothing based on its Complaint;

(2) Awarding Defendant his attorney's fees, costs, and disbursements; and

(3) Granting all other relief that this Court finds just or equitable.

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Defendant Clifton Green hereby demands a trial by jury.

DATED this 5th day of December, 2025.

CARVALHO & ASSOCIATES

DANIEL E. CARVALHO, ESQ.
Nevada Bar No. 5600
MARIA LOVENTIME ESTANISLAO, ESQ.
Nevada Bar No. 8059
700 S. Third Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on December 5, 2025, I caused the foregoing to be served via the CM/ECF filing system to all parties on the service list as follows:

John T. Keating, Esq.
Aarti S. Jhita, Esq.
KEATING LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, NV 89148
*Attorneys for Plaintiff*

*/s/ Mandi Zambai*
________________________________________
An employee of Carvalho & Associates